# In the Iowa Supreme Court

No. 24–1352

Submitted September 10, 2025—Filed November 14, 2025

**Ashley Hall** and **Ryan Hall,** on behalf of minor child **A.H.,**

Appellees,

vs.

**Southeast Polk Junior High School–Southeast Polk Community School District, Dirk Halupnik, Joseph Horton, Michael Dailey, Jacob Bartels,** and **Georgia Casner,** individually and in their official capacities with Southeast Polk Community School District,

Appellants.

Appeal from the Iowa District Court for Polk County, Coleman McAllister, judge.

The defendants appeal the denial of their motion to dismiss certain chapter 216 and common law claims on the basis that the plaintiffs failed to meet the pleading requirements of Iowa Code section 670.4A. **Appeal Dismissed and Case Remanded.**

Per curiam.

Lindsay A. Vaught and Samuel A. McMichael of Ahlers & Cooney, P.C., Des Moines, for appellants.

Christopher Stewart and Marrissa Pasker of Boles Witosky Stewart Law PLLC, Des Moines, for appellees.

**Per Curiam.**

This appeal is substantially similar to the one we decided today in *Fogle & Fogle ex rel. P.F. v. Clay Elementary School–Southeast Polk Community School District*, ___ N.W.3d ___ (Iowa 2025). We are asked to decide whether the Iowa Municipal Tort Claims Act (IMTCA) and its qualified immunity pleading standard, Iowa Code § 670.4A(3) (2022), apply to claims against a municipality brought under Iowa Code chapter 216, the Iowa Civil Rights Act (ICRA). As we explained in *Fogle*, ICRA claims against a school district and its employees are not "brought under" the IMTCA and, as such, are not subject to its heightened pleading requirements. ___ N.W.3d at ___. Additionally, as we held in *Fogle*, the IMTCA's heightened pleading standard does not apply to the common law tort claims in this appeal. *Id.* at ___. The district court properly denied the defendants' motion to dismiss.

## I.

Ashley and Ryan Hall, on behalf of their minor child A.H., filed suit against Southeast Polk Junior High School–Southeast Polk Community School District and several of its employees based on the alleged bullying, discrimination, harassment, and physical abuse that A.H. faced as a seventh-grade student during the 2022–2023 school year. A.H. has an Individual Education Plan (IEP) because she experiences ADHD and anxiety. The Halls allege that the defendants knowingly failed to accommodate A.H. under the terms of her IEP. They also allege that A.H.'s seventh-grade teacher, Georgia Casner, discriminated against A.H. on two occasions based on A.H.'s disability and her sex as a female. Finally, the Halls allege that A.H. faced unrelenting verbal and physical abuse from other students at the school, which the defendants knew about but failed to prevent despite receiving numerous complaints from the Halls.

The Halls followed the procedural requirements of the ICRA and received a right-to-sue letter from the Iowa Civil Rights Commission. *See generally* Iowa Code §§ 216.15–16. The Halls then filed a ten-count amended petition in the Iowa District Court for Polk County on April 30, 2024. As relevant for this appeal, the Halls asserted four claims under the ICRA and two common law tort claims. The ICRA claims under Iowa Code § 216.9 were asserted against the school district for disability discrimination with respect to education (count II), sex discrimination with respect to education (count III), and sex and disability harassment with respect to education (count IV). The Halls also asserted an ICRA claim under Iowa Code § 216.11 for aiding and abetting education discrimination (count VI) against Southeast Polk superintendent Dirk Halupnik, associate superintendent Joseph Horton, Southeast Polk Junior High School principal Michael Dailey, assistant principal Jacob Bartels, and junior high teacher Georgia Casner. The Halls further asserted common law tort claims against all defendants, including as relevant here, claims for breach of fiduciary duty (count VII) and negligence (count VIII).

## II.

The defendants moved to dismiss some of the Halls' claims in their entirety.[1] The defendants argued that counts II–IV and VI, all ICRA claims, failed to meet the heightened pleading requirements of the IMTCA. *See* Iowa Code § 670.4A(3) (requiring a petition for a claim "brought under" the IMTCA to plead a violation of clearly established law with particularity and plausibility). The

---

[1]The district court granted the motion with respect to two counts. It dismissed count I, a claim for bullying in violation of Iowa Code § 280.28, on the basis that the statute did not imply a private cause of action. It also dismissed count IX, a common law claim for negligent training and supervision, on the basis that the petition failed to meet the heightened pleading standards under Iowa Code § 670.4A. *See id.* § 670.4A(3) (requiring dismissal with prejudice if the heightened pleading standard is not met). The ruling on those claims is not part of this appeal brought by the defendants.

district court ruled that the IMTCA's heightened pleading standard does not apply to ICRA claims against a municipality and denied the defendants' motion as to those claims. For the reasons set forth in *Fogle*, the district court was correct in that ruling. *See* ___ N.W.3d at ___.

The defendants also argue on appeal that the breach of fiduciary duty and negligence claims (counts VII and VIII) against Halupnik and Casner must be dismissed for failing to meet the IMTCA's heightened pleading standard. As we said in *Fogle*, however, the heightened pleading standard does not apply to common law tort claims against a municipality. *Id.* at ___. The district court properly denied dismissal of the Halls' breach of fiduciary duty and negligence claims as asserted against Halupnik and Casner.

### III.

The defendants appealed as a matter of right under section 670.4A. As we explained in *Fogle,* if section 670.4A does not apply to a claim, then subsection (4) does not authorize an appeal as a matter of right. *Id.* at ___. For these reasons, we dismiss the appeal and remand the case for further proceedings.

**Appeal Dismissed and Case Remanded.**

This opinion shall not be published.